IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**ANGELA GALVAN**                                                        **PLAINTIFF**

vs.                                        No. 5:21-cv-152

**THE PREPARATORY SCHOOLS**                      **DEFENDANT**
**FRANCHISING COMPANY, LLC**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Angela Galvan ("Plaintiff"), by and through her attorney Josh Sanford of the Sanford Law Firm, PLLC, and for her Original Complaint against The Preparatory Schools Franchising Company, LLC ("Defendant"), she does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime compensation for hours worked in excess of forty hours per week.

2. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, *infra.*

## II. JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts alleged in this Complaint had their principal effect within the San Antonio Division of the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

5. Plaintiff is an individual and resident of Bexar County.

6. Defendant is a domestic limited liability company.

7. Defendant's registered agent for service is Mark Ronald Schuh, at 2403 Vance Lane, Austin, Texas 78737.

8. Defendant does business as The Prep School of Stone Oak.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

10. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce, such as food and beverage products, computers and office supplies.

11. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are

separately stated) in each of the three years preceding the filing of the Original Complaint.

12. Defendant participated in the management of Plaintiff's work, including setting and enforcing the amount of hours worked and the amount and manner of compensation paid.

13. Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case.

14. Defendant is an "employer" within the meanings set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

15. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

16. Defendant owns and operates multiple private pre-schools throughout Texas.

17. Plaintiff was employed by Defendant from April of 2017 until the present.

18. At all relevant times herein, Defendant directly hired Plaintiff to work at its facilities, paid her wages and benefits, controlled her work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding her employment.

19. Plaintiff worked at Defendant's location in San Antonio.

20. Plaintiff was employed by Defendant as a "kitchen manager."

Page 3 of 7
Angela Galvan v. The Preparatory Schools Franchising Company, LLC
U.S.D.C. (W.D. Tex.) Case No. 5:21-cv-152
Original Complaint

21. Until Spring of 2019, Plaintiff was paid hourly. Defendant then began paying Plaintiff a salary and classified her as non-exempt from the overtime requirements of the FLSA.

22. Plaintiff's primary job duties were to prepare food, clean the kitchen and plan menus.

23. Plaintiff did not have the authority to hire, fire or evaluate other employees.

24. Plaintiff did not exercise discretion or independent judgment as to matters of significance.

25. Plaintiff sought input from Defendant in lieu of making significant decisions on her own.

26. Plaintiff did not manage the enterprise or a customarily recognized department or subdivision of the enterprise.

27. Defendant paid Plaintiff a salary of less than $684.00 per week.

28. Plaintiff regularly worked over forty hours per week.

29. Plaintiff estimates she regularly worked between 45 and 50 hours per week.

30. Defendant did not pay Plaintiff 1.5x her regular rate of pay for hours worked over 40 per week.

31. At all relevant times herein, Defendant has deprived Plaintiff of overtime compensation for all of the hours she worked over forty per week.

32. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### V.     CAUSE OF ACTION—VIOLATION OF THE FLSA

33.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

34.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

35.     At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

36.     At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

37.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

38.     At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

39.     Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x her regular rate of pay for all hours worked over 40 each week.

40.     Defendant's failure to pay Plaintiff all overtime wages owed was willful.

41. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Angela Galvan respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. That Defendant be required to account to Plaintiff and the Court for all monies paid to Plaintiff;

C. A declaratory judgment that Defendant's practices alleged herein violate the FLSA;

D. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA;

E. Judgment for liquidated damages pursuant to the FLSA;

F. An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action;

G. For a reasonable attorney's fee, costs, and interest; and

H. Such other relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF ANGELA GALVAN**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com